■ JESMY ALBA, an Infant, by Her Mother and Natural Guardian, VICTORIA RONDON, et al., Respondents, v CITY OF NEW YORK, Defendant, and 231 LLC et al., Appellants. [838 NYS2d 41]—

Order, Supreme Court, Bronx County (Paul Victor, J.), entered March 21, 2006, which denied defendants-appellants' motion to strike the note of issue, unanimously modified, on the facts, to direct plaintiffs to provide defendants with all authorizations related to the prior injury to the infant plaintiff's right knee within 30 days of service of a copy of this order, with notice of entry, and otherwise affirmed, without costs.

Defendants' main brief argues that where, as here, a note of

issue was previously vacated as premature or inaccurate, the action cannot be restored to the trial calendar through the simple expedient of filing a note of issue; rather, a motion is required. Plaintiffs' brief points out, as did the motion court's decision, that the note of issue was filed in response to a 90-day CPLR 3216 notice from the court. Defendants' reply brief appears to abandon the argument that a motion was required, and argues instead that plaintiffs could restore the action by filing a note of issue, but not before completing disclosure by providing defendants with certain medical authorizations related to infant plaintiff's prior injury of the same knee she allegedly injured when she slipped and fell in front of defendants' premises. Although plaintiffs, who submitted no written opposition to defendants' motion to vacate the note of issue, represent in their brief that all requested authorizations were provided to defendants' prior attorneys, nothing in the record tends to substantiate that claim. Accordingly, we modify to direct plaintiffs to provide such authorizations to defendants. Concur—Tom, J.P., Saxe, Marlow, Sullivan and Williams, JJ.